John Wesley Hall, Jr. Attorney at Law 1311 Broadway Little Rock, AR 72202-4843
Dear Mr. Hall:
This is in response to your request for certification, pursuant to A.C.A. § 7-9-107 (Repl. 2000), of the following popular name and ballot title for a proposed amendment to the Arkansas Constitution:
 Popular Name THE ARKANSAS MEDICAL MARIJUANA AMENDMENT Ballot Title A CONSTITUTIONAL AMENDMENT WHICH RECOGNIZES THE CONSTITUTIONAL RIGHT OF ARKANSANS TO MANUFACTURE, PRESCRIBE, POSSESS, CONSUME, AND USE MARIJUANA FOR MEDICAL PURPOSES, SUBJECT TO REASONABLE REGULATION BY THE GENERAL ASSEMBLY AND ARKANSAS DEPARTMENT OF HEALTH, EFFECTIVE APRIL 1, 2005
The Attorney General is required, pursuant to A.C.A. § 7-9-107, to certify the popular name and ballot title of all proposed initiative and referendum acts or amendments before the petitions are circulated for signature. The law provides that the Attorney General may substitute and certify a more suitable and correct popular name and ballot title, if he can do so, or if the proposed popular name and ballot title are sufficiently misleading, may reject the entire petition.
A.C.A. § 7-9-107 neither requires nor authorizes this office to make legal determinations concerning the merits of the act or amendment, or concerning the likelihood that it will accomplish its stated objective. Consequently, this review has been limited to a determination, pursuant to the guidelines that have been set forth by the Arkansas Supreme Court, discussed below, of whether the proposed popular name and ballot title accurately and impartially summarize the provisions of your proposed amendment.
The purpose of my review and certification is to ensure that the popular name and ballot title honestly, intelligibly, and fairly set forth the purpose of the proposed amendment. See Arkansas Women's Political Caucusv. Riviere, 282 Ark. 463, 466, 677 S.W.2d 846 (1984).
The popular name is primarily a useful legislative device. Pafford v.Hall, 217 Ark. 734, 233 S.W.2d 72 (1950). It need not contain detailed information or include exceptions that might be required of a ballot title, but it must not be misleading or give partisan coloring to the merit of the proposal. Chaney v. Bryant, 259 Ark. 294, 532 S.W.2d 741
(1976); Moore v. Hall, 229 Ark. 411, 316 S.W.2d 207 (1958). The popular name is to be considered together with the ballot title in determining the ballot title's sufficiency. Id.
The ballot title must include an impartial summary of the proposed amendment or act that will give the voter a fair understanding of the issues presented. Hoban v. Hall, 229 Ark. 416, 417, 316 S.W.2d 185
(1958); Becker v. Riviere, 270 Ark. 219, 223, 226, 604 S.W.2d 555
(1980). According to the court, if information omitted from the ballot title is an "essential fact which would give the voter serious ground for reflection, it must be disclosed." Bailey v. McCuen, 318 Ark. 277, 285,884 S.W.2d 938 (1994), citing Finn v. McCuen, 303 Ark. 418, 798 S.W.2d 34
(1990); Gaines v. McCuen, 296 Ark. 513, 758 S.W.2d 403 (1988); Hoban v.Hall, supra; and Walton v. McDonald, 192 Ark. 1155, 97 S.W.2d 81 (1936). At the same time, however, a ballot title must be brief and concise (see
A.C.A. § 7-9-107(b)); otherwise voters could run afoul of A.C.A. §7-5-522's five minute limit in voting booths when other voters are waiting in line. Bailey v. McCuen, supra. The ballot title is not required to be perfect, nor is it reasonable to expect the title to cover or anticipate every possible legal argument the proposed measure might evoke. Plugge v. McCuen, 310 Ark. 654, 841 S.W.2d 139 (1992). The title, however, must be free from any misleading tendency, whether by amplification, omission, or fallacy; it must not be tinged with partisan coloring. Id. A ballot title must convey an intelligible idea of the scope and significance of a proposed change in the law. Christian CivicAction Committee v. McCuen, 318 Ark. 241, 884 S.W.2d 605 (1994). It has been stated that the ballot title must be: 1) intelligible, 2) honest, and 3) impartial. Becker v. McCuen, 303 Ark. 482, 798 S.W.2d 71 (1990), citing Leigh v. Hall, 232 Ark. 558, 339 S.W.2d 104 (1960).
Having analyzed your proposed amendment, as well as your proposed popular name and ballot title under the above precepts, it is my conclusion that I must reject your proposed popular name and ballot title due to ambiguities in the text of your proposed measure. Some additions or changes to your ballot title may be necessary in order to more fully and correctly summarize your proposal. I cannot at this time, however, fairly or completely summarize the effect of your proposed measure to the electorate in a popular name and ballot title without the resolution of these ambiguities. I am therefore unable to substitute and certify a more suitable and correct popular name and ballot title pursuant to A.C.A. §7-9-107(b).
I refer to the following ambiguities:
 • Your proposed amendment states that "[t]he manufacture, prescription, possession, consumption, and use of marijuana for medical purposes is recognized as a constitutional right within the right of privacy of Arkansans." (Emphasis added). In my opinion, the term "recognized" in the highlighted passage is confusing. The Merriam-Webster Dictionary offers the following pertinent definitions of the term "recognize":
 1: to identify as previously known; 2: to perceive clearly: REALIZE; 3: to take notice of; 4: to acknowledge with appreciation.
 As these definitions suggest, to "recognize" a constitutional right is merely to acknowledge its past and current existence — a concept that is logically inconsistent with what might well be a voter's sense that "amending" the constitution entails expanding or abridging the rights set forth therein. As drafted, your proposed amendment suggests an intention simply to acknowledge the described activities as permissible because they are already protected by the right to privacy implicit in the current Arkansas Constitution. See generally Jegley v. Picado, 349 Ark. 600, 80 S.W.3d 332 (2002). In my opinion, this "acknowledgment" may well confuse the voters insofar as no court has ever held that the conduct you propose to "recognize" as permissible actually is currently permissible; indeed, the legislature has expressly declared that it is not.
 Moreover, if the medical use of marijuana in fact were permissible under the current constitution, I question whether your proposal would qualify as an "amendment" at all; it would rather appear to be a construction of the existing constitution of the sort that a court might undertake in the course of declaring current drug laws unconstitutionally restrictive with respect to the medical use of marijuana. This is not to suggest that a constitutional amendment could not change current law by simply declaring the medical use of marijuana permissible. I am merely noting that if, as your proposed amendment implies, such use is already permissible as a matter of constitutional law, the voters might well be confused as to what constitutional change they are being asked to effect.
 • The precise extent or reach of the constitutional right that would be recognized by the amendment is also uncertain. Specifically, it is unclear whether the amendment would affect any out-of-state activities or persons. One question, for example, is whether the amendment purports to recognize this "constitutional right" of Arkansans wherever they are located. Additionally, will the right to prescribe marijuana for medical purposes be limited to prescriptions for "Arkansans," or will this extend to out-of-state consumers?
 • The amendment authorizes the Arkansas Department of Health to adopt implementing regulations, whereas the State Board of Health currently has substantial regulatory authority with respect to the prescribing and use of drugs. See A.C.A. § 20-64-101 et seq. If the amendment would change state law in this regard, the ballot title must draw this to the voter's attention.
 • A related problem arises with respect to the effect of your proposed amendment upon current state law. The ballot title must convey to the voter an intelligible idea of the scope and significance of a proposed change in existing law. However, your ballot title fails to acknowledge that current state statutory law prohibits the practices you are asking the voters to "recognize" as falling within the constitutional right to privacy.
 • Your proposed ballot title further fails to acknowledge that federal law that Congress has declared preemptive of state law likewise bars the medical use of marijuana. The ballot title simply states that the proposed amendment is "A Constitutional Amendment Which Recognizes the Constitutional Right of Arkansans" to engage in activities relating to the medical use of marijuana. This phrasing fails to acknowledge the possibility that this state "right of privacy" as interpreted in your proposed amendment might well conflict with the federal government's authority to regulate conduct under the commerce clause. Before determining whether to support the proposed amendment, the voters should be made aware of the fact that the amendment, if enacted, might be subject to challenge under the supremacy clause of the U.S. Constitution.
My office, in the certification of ballot titles and popular names, does not concern itself with the merits, philosophy, or ideology of proposed measures. I have no constitutional role in the shaping or drafting of such measures. My statutory mandate is embodied only in A.C.A. § 7-9-107
and my duty is to the electorate. I am not your counsel in this matter and cannot advise you as to the substance of your proposal.
At the same time, however, the Arkansas Supreme Court, through its decisions, has placed a practical duty on the Attorney General, in exercising his statutory duty, to include language in a ballot title about the effects of a proposed measure on current law. See, e.g., Finnv. McCuen, 303 Ark. 418, 793 S.W.2d 34 (1990). Furthermore, the Court has recently confirmed that a proposed amendment cannot be approved if "[t]he text of the proposed amendment itself contribute[s] to the confusion and disconnect between the language in the popular name and the ballot title and the language in the proposed measure." Roberts v. Priest,341 Ark. 813, 20 S.W.3d 376 (2000). The Court concluded: "[I]nternal inconsistencies would inevitably lead to confusion in drafting a popular name and ballot title and to confusion in the ballot title itself." Id.
Where the effects of a proposed measure on current law are unclear or ambiguous, it is impossible for me to perform my statutory duty to the satisfaction of the Arkansas Supreme Court without clarification of the ambiguities.
My statutory duty, under these circumstances, is to reject your proposed ballot title, stating my reasons therefor, and to instruct you to "redesign" the proposed measure and ballot title. See A.C.A. §7-9-107(c). You may, after clarification of the matter discussed above, resubmit your proposed amendment, along with a proposed popular name and ballot title, at your convenience. I anticipate, as noted above, that some changes or additions to your submitted ballot title may be necessary. I will be pleased to perform my statutory duties in this regard in a timely manner after resubmission.
Sincerely,
MIKE BEEBE Attorney General
MB/cyh
Enclosure